IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEXTER TYRONE McDADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-00845-JD |
| ) | |
| LUKE PETTIGREW, Warden, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Before the Court is a Report and Recommendation [Doc. No. 8] issued by United States Magistrate Judge Shon T. Erwin on October 24, 2022, recommending that Petitioner Dexter Tyrone McDade's Petition for Writ of Habeas Corpus [Doc. No. 1] be dismissed with prejudice as untimely.[1] Judge Erwin advised Mr. McDade that he may file an objection to the Report and Recommendation with the Clerk of Court by November 10, 2022, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 8 at 12–13]. *See also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[1] Judge Erwin recommends that the dismissal be with prejudice, Report and Recommendation at 4, and the Tenth Circuit recognizes that untimely habeas petitions should be dismissed with prejudice. *See McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice . . . .").

The record reflects that Mr. McDade did not timely file an objection to the Report and Recommendation or request an extension of time to do so. The Court therefore **ADOPTS** the Report and Recommendation [Doc. No. 8] for the reasons stated therein. Mr. McDade's petition is DISMISSED with prejudice as untimely.

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Mr. McDade must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. McDade can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). After considering the Report and Recommendation, the record, and the state of current law, the Court finds that reasonable jurists could not debate the Court's determinations that Mr. McDade's habeas petition is untimely and that he is not entitled to statutory or equitable tolling. Because Mr. McDade cannot make the required showing, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 30th day of November 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE